IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAVID HILL | ) | |
| | ) | |
| v. | ) | 3-07-CV-594-G |
| | ) | (3-03-CR-159-G) |
| UNITED STATES OF AMERICA | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

**FINDINGS AND CONCLUSIONS**:

**Type Case**: This is a motion for habeas corpus relief filed by a federal inmate pursuant to 28 U.S.C. § 2255.

**Statement of the Case**: Upon his plea of not guilty to the offense of conspiracy to manufacture and to possess with intent to distribute methamphetamine (21 U.S.C. § 846) as charged in the indictment in No. 3-03-CR-159-G, Hill was tried by a jury which returned a verdict of guilty. Thereafter he was sentenced to a term of 360 months imprisonment, followed by a term of supervised release.

He appealed his conviction and on August 17, 2005, the Fifth Circuit affirmed the judgment of the district court in an unpublished opinion. *United States v. Hill*, ___F.3d ___, No. 03-11291. Hill filed a petition for writ of certiorari in the United States Supreme Court which was denied on April 3, 2006. He then filed the present § 2255 motion on April 2, 2007, the date on which he signed it and placed it in the prison mail system. The government filed its opposition to the motion on June 8, 2007, followed by Hill's reply on July 9, 2007.

**Findings and Conclusions**: Hill presents seven grounds for relief in his motion alleging that he was denied effective assistance of counsel. In some instances he complains of his trial attorney's conduct while in others his focus is the representation provided by his direct appeal counsel. Finally, it appears that at least some of his grounds consist of an amalgam of alleged deficient representation by both attorneys.

Ineffective assistance of counsel claims are analyzed under the two-prong test enunciated in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984). First, a petitioner must show that the attorney's conduct was objectively unreasonable. *Id.* at 687-691, 104 S.Ct. at 2064-66. Second, he must show a reasonable probability that, but for his attorney's unprofessional errors, the result of the proceeding would have been different. *Id.* 694, 104 S.Ct. at 2068. Relief is unavailable if the petitioner fails to prove either prong. *Id.* 697, 104 S.Ct. at 2069. *See also United States v. Stewart*, 207 F.3d 750 (5th Cir. 2000). The *Strickland* test applies equally to an appellate attorney's representation. *See Smith v. Robbins*, 528 U.S. 259, 285, 120 S.Ct. 746, 764 (2000).

Bearing in mind the strong presumption of competence which a defendant must overcome and the fact that an attorney's representation should be judged without the distorting effects of hindsight *Strickland* at 689, 104 S.Ct. at 2065, it is appropriate to briefly recount the evidence presented at trial.

Dallas police officers executed a "no-knock" search warrant at the residence occupied by Linda Tatum at approximately 3 a.m. on the morning of January 31, 2003. Hill was found hiding in the bathroom shower, fully clothed. At least three syntheses or "cooks" were observed, one of which was next to the shower where Hill was hiding. The entire apartment reeked with toxic chemical vapors. Due to Hill's clothing was so contaminated that it was replaced by protective

clothing for safety before he was transported to the Dallas County Jail. Lloyd Young, a cooperating individual, testified concerning Movant's participation and involvement in the manufacture of methamphetamine at the Tatum residence.[1]

In grounds three, four, six and seven Hill alleges that he was denied the effective assistance of counsel guaranteed by the Sixth Amendment by his trial attorney.

He first complains of counsel's failure to call Linda Tatum, his co-defendant, as a witness (Ground Three). Although he speculates on what she would have testified to if she had been called, this ground fails to present a cognizable basis for relief, particularly in light of the total absence of corroboration as to what Ms. Tatum might have stated. *See e.g. Sayre v. Anderson*, 238 F.3d 631, 635-36 (5th Cir. 2001) (collecting cases and holding that a defendant's own unsupported statement to be insufficient to overcome the strong presumption of competence). Moreover, Hill's trial attorney has provided specific information regarding his investigation into the possibility of calling Ms. Tatum and why, in addition to the fact that her counsel opposed his request, he did not call her. *See* Government's Appendix to its response in opposition at 001-002. Affidavit of Sam Ogan.[2]

In his fourth ground Movant faults the tactics of his attorney relating to the absence of fingerprint evidence from the searched premises and the seized items. In point of fact no attempts were made to lift fingerprints. Thus, there was no basis for claiming that *Brady* material was

---

[1] A further summary of the evidence presented at trial appears in the Presentence Report at ¶¶ 6-14 and in the government's direct appeal brief at 3-4.

[2] Generally speaking affidavits are of limited usefulness in the disposition of § 2255 motions. However, Hill has not produced any competent evidence controverting the accuracy of any statement of fact regarding this claim in Ogan's affidavit. Therefore both the attorney's statements concerning both his investigation and his reasons for not calling Ms. Tatum constitute undisputed facts which foreclose relief on this ground.

withheld or that the government destroyed potentially exculpatory evidence. His counsel's use of the lack of such forensic evidence in an effort to attack the credibility of Mr. Young and to attempt to demonstrate a reasonable doubt was wholly consistent with the presumption of competence and the counsel guaranteed by the Sixth Amendment.

In his sixth ground Hill asserts that his attorney refused to let him testify at trial in his own behalf. Assuming arguendo that Mr. Ogan prevented him from testifying,[3] thus establishing the first prong of the *Strickland* test, *see United States v. Mullins*, 315 F.3d 449, at 455 (5th Cir. 2002) (counsel's representation was constitutionally deficient in preventing the defendant from testifying when he repeatedly told the attorney he wanted to do so), Hill has not carried his burden of proving prejudice.

In order to satisfy the "prejudice" prong, Hill must prove that had he been allowed to testify there is a reasonable probability that the jury would have had a reasonable doubt with respect to his guilt. *United States v. Mullins, supra*, 315 F.3d at 456. Under the evidence presented to the jury Movant was caught "red-handed," as it were, in an apartment where methamphetamine cooking was on-going. Although presence alone is insufficient to establish guilt, it is well-nigh impossible to believe under such circumstances a jury could have harbored any doubt, let alone a *reasonable probability* of doubt with respect to his guilt. Of course, had Hill in fact testified, any statements which contradicted that of the arresting officers and that of Mr. Young would have been subject to impeachment with his prior felony conviction. *See* Presentence Report at ¶¶ 32, 38 and 39.

Finally, Hill contends that his trial attorney was ineffective in advising him to proceed to trial

---

[3]Although Ogan's affidavit, *see* n.2 *supra*, denies that he refused to permit Hill to testify, this disputed issue of fact cannot be resolved in a § 2255 proceeding without an evidentiary hearing. Therefore, for the purposes of this recommendation attorney deficiency is presumed.

4

rather than entering a plea of guilty (Ground Seven). He also claims that appellate counsel was ineffective in failing to raise this issue as a point of error on appeal. As with his sixth ground, the factual basis for this claim is disputed by Ogan, but it is not necessary to determine which of the conflicting statements are true , *see* n. 3, because Hill can show no prejudice. He suggests that had Ogan recommended that he plead guilty he would have been entitled to receive a three-point reduction for acceptance of responsibility. However, before relief would be available he must prove prejudice, to wit: that the sentence imposed would have been less than what he received. *See United States v. Grammas*, 376 F.3d 433, 439 (5th Cir. 2004) (adopting the "any amount of jail time" test).

Hill's base offense level was 36, pursuant to USSG § 2.D1.1(c)(2). With adjustments the total offense level was determined to be 41. *See* Presentence Report at ¶¶ 23-30. Under the Guideline Provisions for a total offense level of 41, the range of imprisonment was 360 months to life imprisonment. *Id.* at ¶ 68. After considering his objections to the Presentence Report, the District Court concluded that the total offense level of 41 was accurate. *See* Sentencing S.O.F. at 9.

Whether a plea of guilty on Hill's part would have resulted in any reduction in the sentence imposed is a matter of sheer speculation and therefore fails to satisfy the prejudice prong. It is entirely speculative, assuming that counsel should have suggested that he plead guilty that Hill - prior to going to trial - would have accepted this advice.[4] Further, while a plea of guilty provides a basis for a downward adjustment of a defendant's total offense level, the mere fact that a defendant

---

[4]The fact that the statements of Hill in support of his sixth ground and those proffered in support of his seventh ground are almost entirely mutually exclusive is not lost on the undersigned. Moreover, had Hill testified, under the evidence presented at trial it is almost a certainty that he would have been assessed an additional two points for obstruction of justice. *See* USSG § 3C1.1.

5

pleads guilty does not require that a court grant a reduction for acceptance of responsibility. USSG § 3E1.1, comment (n. 3).

The record shows that the District Court was firm in its determination that 360 months was an appropriate sentence, whether the total offense level were calculated to be either 41 or 38. *See* Sentencing S.O.F. at 11-12. Under either offense level calculation the sentence actually imposed was either at the lowest end of the applicable range or in the lower one-third of the applicable range. Finally, it is noteworthy that his co-defendant Linda Tatum who pleaded guilty and who received a three point acceptance of responsibility reduction was sentenced to a term of 324 months on December 16, 2003, which was not much less than Hill's sentence.[5]

In addition to Hill's attack on appellate counsel's conduct relating to his seventh ground for relief, he claims that his direct appeal attorney's representation was deficient in failing to urge the Fifth Circuit to apply a "harmless error" analysis under Rule 52(a), Federal Rules of Criminal Procedure, to a *Booker* challenge (Grounds One and Two). As a predicate to his first ground, he claims that his attorney should have urged that Ogan was deficient in failing to make a proper *Apprendi*[6] objection in written objections to the Presentence Report and/or at the sentencing hearing. However, as pointed out in the government's opposition Hill was sentenced seven months prior to the Supreme Court's decision in *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531 (2004), which extended the holding in *Apprendi* to state sentencing enhancement provisions.[7] When evaluating

---

[5] Since Hill's trial attorney was not ineffective, it necessarily follows that his appellate counsel cannot be found to have performed deficiently in not raising this claim as a point of error on appeal.

[6] *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348 (2000).

[7] The Supreme Court's opinion in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738 (2005) which applied the holdings in *Apprendi* and *Blakely* to the United States Sentencing

6

the first prong of the *Strickland* test, an attorney's performance must be measured by the law as it existed at the time of the representation and not in light of subsequent developments. *See e.g. United States v. Webster*, 392 F.3d 787, 796-97 and n. 19 (5th Cir. 2004). Therefore, no viable ineffective assistance of counsel could have been argued based upon trial counsel's failure to raise an *Apprendi* objection.

Since the trial attorney did not preserve a *Booker* type objection, under the law of this Circuit a claimed error in the sentence imposed is reviewed for plain error. *See e.g. United States v. Mares*, 402 F.3d 511, 519-20 (5th Cir. 2005), cert. denied 546 U.S. 828, 126 S.Ct. 43. Hill's reliance on the court's decision in *United States v. Akpan*, 407 F.3d 360 (5th Cir. 2005), is unavailing. While he is correct that the co-defendant who had preserved a *Booker* challenge to the sentence was entitled to a "harmless error" review, *Id.* at 376, Akpan's failure to raise a *Booker* objection in the district court required "plain error" review. *Id.* at 377. As with the review of Akpan's unpreserved error under the "plain error" standard, the Fifth Circuit similarly reviewed Hill's point of error and found it wanting.[8]

Finally, he complains of appellate counsel's failure to present points of error based upon the trial court's ruling and the court's jury instructions (Ground Five). As reflected in the record, at the time of Hill's trial Lloyd Young's felony conviction was remote in time and thus subject to Rule 609(b), Federal Rules of Evidence. *See* S.O.F., Vol. 2, at 209, i.e. Young was released from confinement more than twelve years prior to the September 2003 trial. Although Rule 609(b) allows admission of remote convictions under certain conditions, to establish a viable ineffective assistance

---

Guidelines post-dated his sentencing by more than a year.

[8]*See United States v. Hill*, No. 03-11291, 2005 WL 1986283 at *2.

claim predicated on the District Court's refusal to admit the remote conviction, the presumption of competent counsel must be rebutted - including the Supreme Court's hold in *Jones v. Barnes*, 463 U.S. 745, 103 S.Ct. 3308 (1982) - *and* it be shown that the District Court's ruling constituted an abuse of discretion.

With respect to his claim that his appellate counsel should have asserted a point of error based upon the court's jury charge, *See* Hill's memorandum of law at 20-21, the factual basis for this assertion is erroneous and is refuted by the record. *See* Record at 102 - Defendant's Request for Jury Instruction Number 5 - and at 164 - Court's jury charge - reflecting that the requested instruction was given to the jury almost verbatim.

**RECOMMENDATION**:

For the foregoing reasons it is recommended that the District Court deny and dismiss Hill's § 2255 motion.

A copy of this recommendation shall be transmitted to Movant and counsel for the government.

SIGNED this 17th day of January, 2008.

*/s/ Wm. F. Sanderson, Jr.*

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten (10) days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a de novo determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain

error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.